### W. H. SHARPE v. AQUA SYSTEMS, INC.

13 So. (2nd) 903

June 11, 1943

Rehearing Denied June 29, 1943

June Term, 1943

Divison A

*John E. Lake,* for appellant.

*Marks, Marks, Holt, Gray & Yates,* for appellee.

TERRELL, J.:

This appeal is from an order directing a verdict for the defendant in a common law action brought by appellant seeking to recover damages for personal injuries from appellee.

Appellant was an employee at a cold storage plant on the reservation of the United States Naval Air Station at Jacksonville. On the morning he was injured, he rode to work on a large bus of the Motor Transit Company of Jacksonville which stopped in front of the cold storage plant on the oppo-

site side of the street but not at a street intersection to let him off. He alighted from the bus and turned directly in front of it to cross the street. It was raining and the instant he stepped from in front of the bus, he stepped in the path of a passing truck of the defendant which was traveling in the same direction as the bus and within two feet of it. Plaintiff did not see the truck until it struck him though the street was clear and unobstructed.

The truck was traveling within the allowable speed limit and where the rights of the plaintiff and defendant were equal. There was no reason for the driver of the truck to assume that the plaintiff would step from in front of the bus directly in his path and at a point where pedestrians were not supposed to cross. It is their duty to take reasonable precaution to preserve their own safety when they do so and failing in this, they are guilty of contributory negligence that bars recovery.

The record shows that the plaintiff was seriously injured but it also shows that he took no precaution for his own safety, but stepped directly in front of a passing truck where it had a right to be. The mere fact of injury does not warrant recovery in a case like this. The injury must be caused by the negligence of the defendant and the injured must be free from fault. In this case there is no showing whatever of negligence on the part of the truck driver and there was ample showing that appellant failed to take the proper precaution for his own safety.

This case is a mute reminder that our pattern of highway behavior has failed ignominiously to keep pace with our climate of intellectual and aesthetic culture. Men and women of normal faculties and college tutored who would stick their heads in a noose before they would lap their soup, eat their peas with a knife, or wear unmatched garments, will alight from a motor vehicle or appear out of the blue and walk or drive as nonchalantly as a wire grass cow on to a paved speedway in front of moving traffic. The number of cases that are making their way to the courts as a result of such accidents is distressing and nine-tenths of them could be avoided with reasonable precaution.

The tragedy of the thing is that everything favors the cow. The law charges her with nothing. If she is of a county where she votes, the owner is promptly compensated and that ends it. With the individual, it is different; the law charges him with a stop look and listen facet, that he take due precaution for his safety. If he fails in this, he cannot recover but if he proves that he did and is maimed for life, he can hardly be amply rewarded. If he is killed, any amount of compensation will be poor consolation. If perchance in either event, the issues are close and confused the jury may "freeze" its reason or give play to its emotions and find for the plaintiff but how they arrived where they did is a mystery that the courts rarely find reason to unmystify.

Moral, if your pattern of highway behavior must be that of the age of the pack horse, stay on the cow trails. If you insist on traveling the modern highway, then move your pattern up to the age of rapid transit.

The judgment appealed from is accordingly affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.

13 So. (2nd) 908                                June Term, 1943

June 11, 1943                                   Division A